E-FILED
Monday, 22 July, 2019  06:04:46 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| *Speech First, Inc.,* | |
| *Plaintiff,* | CASE NO. 3:19-CV-3142-CSB |
| *vs.* | |
| *Killeen, et al.,* | **DECLARATION OF RONY DIE** |
| *Defendants.* | |

### DECLARATION OF RONY DIE

I, Rony Die, declare as follows:

1.  My name is Rony Die, and I am the Associate Director of Office for Student Conflict Resolution (OSCR) at the University of Illinois at Urbana-Champaign ("the University"). I also serve as an Assistant Dean of Students. I have been working in higher education administration for 10 years, and I have worked at the University for three years.

2.  I am submitting this Declaration in connection with the University's opposition to the Plaintiff's motion for a preliminary injunction. In my capacity as the Associate Director of OSCR, I am familiar with the University's practices and procedures for issuing No Contact Directives. I believe my colleague Justin Brown describes those policies and procedures in detail in his declaration. In addition, I was the assigned disciplinary officer who issued the No Contact Directive referenced in the Plaintiff's complaint and preliminary injunction briefing. Accordingly, I have personal knowledge of the facts set forth in this Declaration.

3.  I have read the Plaintiff's complaint and understand that the Plaintiff alleges that the University issued a No Contact Directive to Mr. Minik because of an article he wrote about

Mr. Khan on a website entitled Campus Reform.  *See* Compl. ¶ 92.  In addition, I

understand that the Plaintiff alleges that Mr. Minik was informed that if he wanted "the

situation to improve" he should "not write about [Mr. Khan] anymore." *Id.* Based on these

allegations, I understand the Plaintiff alleges that four anonymous students at the

University do not want to express certain views they hold out of a fear that they could be

subject to No Contact Directives and suffer disciplinary consequences should they violate

those directives.

4.  As the individual who imposed the No Contact Directive on Mr. Minik and Mr. Khan and

communicated with them regarding the directive's content, I have direct knowledge of the

events the Plaintiff describes.  The Plaintiff's description of these events is simply

incorrect.

5.  As my colleague Mr. Brown describes in greater detail, a No Contact Directive is not, nor

has ever been, imposed because of a student expressing views, whether controversial or

not, about any topic.  *See* Brown Decl. ¶ 25.  Rather, No Contact Directives are issued

when two students with a history of interpersonal conflict continue to interact in a way that

could lead to a violation of the Student Code.  The overarching purpose of No Contact

Directives is to promote de-escalation and ensure student safety.

6.  As Mr. Brown also notes, a No Contact Directive prohibits all "oral, written, or third-party

communication between the identified parties." *See* Brown Decl. ¶ 17 & Ex. 6.  It does not

prohibit one student writing about another student, nor does it prohibit a student expressing

views (political or otherwise) with which other students might disagree or find offensive.

The expression of such statements is protected by the First Amendment, is not a violation

of the Student Code, and cannot and has never been the basis of issuing a No Contact

2

Directive. Indeed, in a recent case, a student asked OSCR to issue a No Contact Directive in order to prevent another student from talking about her online. The matter was assigned to me, and I refused to issue the No Contact Directive, explaining that a No Contact Directive does not prevent anyone from talking or writing about another student, online or offline.

7.  The No Contact Directive I issued to Mr. Minik and Mr. Khan was entirely consistent with the policies and practices I have described above. I did not issue the No Contact Directive solely because Mr. Minik wrote an article referencing Mr. Khan in an online publication. As I have explained, expressing views about another student online is not a basis to issue a No Contact Directive. ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████



9. Finally, in my three years at the University, I have never issued a No Contact Directive to a student based solely upon their expression of political views—including the views students A, B, C, and D profess that they wish to express—nor have I ever heard of a No Contact Directive being issued by anyone else for that reason.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 18, 2019

_____

Rony Die

4