IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

SPEECH FIRST, INC.,

        *Plaintiff*,

v.

TIMOTHY L. KILLEEN, *et al.*,

        *Defendants*.

Case No. 3:19-cv-3142

**NOTICE OF DISMISSAL**

Plaintiff, Speech First, Inc., hereby dismisses Count I of the complaint with prejudice and Counts II, III, and IV of the complaint without prejudice. Each party to bear its own costs, expenses, and attorney's fees.

Respectfully submitted,

Dated: February 2, 2021

    */s/ J. Michael Connolly*

William S. Consovoy
J. Michael Connolly
Cameron T. Norris
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
will@consovoymccarthy.com
mike@consovoymccarthy.com
cam@consovoymccarthy.com

## CERTIFICATE OF SERVICE

I certify that on February 2, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of the filing to the following:

Ishan K. Bhabha
Jenner & Block LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
Telephone: (202) 637-6327
Facsimile: (202) 639-6066
IBhabha@jenner.com

*/s/ J. Michael Connolly*

J. Michael Connolly
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
703-243-9423
mike@consovoymccarthy.com

# AGREEMENT

This Agreement (the "Agreement") is entered into on the date of signature of the last signatory to this Agreement ("Effective Date") by and between Speech First, Inc. ("Speech First") on the one hand and the Board of Trustees of the University of Illinois (the "University") on the other (collectively, the "Parties"), as follows:

A. WHEREAS, by complaint filed on May 30, 2019, Speech First brought the matter styled *Speech First, Inc. v. Killeen*, 3:19-cv-03142-SEM-TSH (C.D. Ill.) ("Action") asserting claims against Timothy L. Killeen, in his official capacity as President of the University of Illinois; Robert J. Jones, in his official capacity as Chancellor of the University of Illinois at Urbana-Champaign and Vice President of the University of Illinois System; Danita M. Brown Young, in her official capacity as Vice Chancellor for Student Affairs; Rhonda Kirts, in her official capacity as Acting Dean of Students; Justin Brown, in his official capacity as Director of the Office for Student Conflict Resolution; January Boten, Debra Imel, Rachael Ahart, Matthew Pinner, Arianna Holterman, Dementro Powell, Jamie Singson, Kimberly Soumar, all in their official capacities as members of the Bias Assessment and Response Team; Lowa Mwilambwe, in his official capacity as Associate Vice Chancellor for Student Affairs; Alma R. Sealine, in her official capacity as Director of University Housing; Patricia K. Anton, in her official capacity as Associate Director of University Housing; Ramón Cepeda, Kareem Dale, Donald J. Edwards, Ricardo Estrada, Patricia Brown Holmes, Naomi D. Jakobsson, Stuart C. King, Edward L. McMillan, Jill B. Smart, Trayshawn M.W. Mitchell, Darius M. Newsome, Shaina Humphrey, Governor J. B. Pritzker, all in their official capacities as members of the University of Illinois Board of Trustees ("Defendants");

B. WHEREAS, on June 6, 2019, Speech First moved for a preliminary injunction relating to its claims concerning Section 2-407 of the Student Code, the University's Bias Assessment Response Team ("BART"), the University Housing's Bias Incident Protocol ("BIP"), and the University's procedures for imposing No Contact Directives ("NCD Procedures");

C. WHEREAS, Defendants opposed Speech First's motion;

D. WHEREAS, on September 17, 2019, the U.S. District Court for the Central District of Illinois issued a decision denying Plaintiff's motion;

E. WHEREAS, on September 17, 2019, Plaintiff filed a Notice of Appeal;

F. WHEREAS, on July 28, 2020, the U.S. Court of Appeals for the Seventh Circuit affirmed the decision;

G. WHEREAS, on September 4, 2020, the U.S. Court of Appeals for the Seventh Circuit denied Plaintiff's petition for rehearing *en banc*;

H. WHEREAS, on September 15, 2020, the U.S. District Court for the Central District of Illinois granted the Parties' motion to stay Defendants' obligation to answer or otherwise

respond to Plaintiff's complaint and to postpone the Rule 16 Scheduling Conference until after Plaintiff's petition for writ of certiorari to the Supreme Court of the United States was resolved;

I. WHEREAS, Speech First's petition for a writ of certiorari is due on February 1, 2021;

J. WHEREAS, the Parties have determined that it is in their mutual interests to amicably resolve all issues between them;

NOW, THEREFORE, in consideration of the foregoing and of the mutual undertakings of the Parties set out herein, the Parties agree as follows:

1. With respect to Section 2-407 of the Student Code, on July 18, 2019, the University amended Section 2-407 of its Student Code to eliminate a provision that required prior approval for posting and distributing "promotional materials of candidates for non-campus elections." The University will not reinstate the removed provision.

2. Speech First agrees to dismiss with prejudice its claim in this Action related to the eliminated prior-approval provision of Section 2-407 of the Student Code.

3. BART and BIP have no authority to impose any form of discipline on any student. BART's and BIP's members cannot compel students to speak with BART or BIP about bias-motivated incidents. If a student declines to speak with BART or BIP, the student will not be disciplined in any way.

4. Speech First takes no position on the University's representations about its practices with respect to BART or BIP in paragraph 3. Speech First reserves all rights to file a new lawsuit with respect to BART or BIP. Speech First acknowledges that this Agreement does not confer any enforceable rights on Speech First with respect to BART or BIP.

5. With respect to the University's NCD Procedures, a student's bias-motivated speech can justify the imposition of an NCD only when a Disciplinary Officer determines that the speech is accompanied by allegations of an actual or foreseeable Student Code violation, such as sexual harassment or stalking.

6. Speech First takes no position on the University's representations about its practices with respect to NCD Procedures in paragraph 5. Speech First reserves all rights to file a new lawsuit with respect to the University's NCD Procedures. Speech First acknowledges that this Agreement does not confer any enforceable rights on Speech First with respect to NCD Procedures.

7. Speech First acknowledges that this Agreement does not require the University to change any policies, practices, or procedures in effect as of the date of this Agreement.

8. Within two (2) business days of the Effective Date, Speech First shall file a Notice of Dismissal in the form attached hereto, dismissing all claims pending against Defendants in the Action.

9. The Parties shall bear their respective attorneys' fees, costs, and expenses relating to the Action and this Agreement.

10. Nothing contained in this Agreement shall be deemed as an admission of any liability or lack of merit in any claim or defense, by any Party or by Defendants.

11. This Agreement represents the full and complete agreement between the Parties to resolve their dispute. Any representations, warranties, promises, or conditions, whether written or oral, not specifically incorporated into this Agreement shall not be binding on the Parties. All other discussions, negotiations, and writings have been and are merged into this Agreement.

12. Neither this Agreement nor any terms or provision hereof may be changed, waived, discharged, or terminated except by an instrument in writing duly signed by the Party against which enforcement of the change, waiver, discharge, or termination is sought.

13. This Agreement shall be governed and construed in accordance with the laws of the State of Illinois applicable to contracts made and to be performed wholly within the State of Illinois, without regard to its conflict of laws provisions.

14. All Parties hereto agree that in the event of any ambiguity or dispute regarding the interpretation of this Agreement, the Agreement will be interpreted as if each Party hereto participated equally in the drafting hereof.

15. This Agreement may be signed in two original counterparts, each of which shall for all purposes be considered an original of this Agreement. Execution and delivery of this Agreement by electronic means (including via e-mail or .pdf) shall be sufficient for all purposes and shall be binding on any person or Party who so executes.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the Effective Date set forth above.

Date: 1/29/21

Speech First, Inc.

By: Nicole F. Neily, President

Date: 01.29.21

The Board of Trustees of the University of Illinois

By: Avijit Ghosh, Comptroller

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SPEECH FIRST, INC., *Plaintiff*, <br><br> v. <br><br> TIMOTHY L. KILLEEN, *et al.*, *Defendants*. | Case No. 3:19-cv-3142 <br><br> **NOTICE OF DISMISSAL** |

Plaintiff, Speech First, Inc., hereby dismisses Count I of the complaint with prejudice and Counts II, III, and IV of the complaint without prejudice. Each party to bear its own costs, expenses, and attorney's fees.

Respectfully submitted,

Dated: January __, 2021

*/s/ J. Michael Connolly*

William S. Consovoy
J. Michael Connolly
Cameron T. Norris
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
will@consovoymccarthy.com
mike@consovoymccarthy.com
cam@consovoymccarthy.com